I believe appellant's duty to support his children under R.C.3103.03 does not cease when the children are in the physical custody of their mother. Although it is clear appellant supports his children the 50% of the time they are physically with him, such fact does not relieve him of his responsibility to support them the 50% of the time they are with their mother. To the extent mother receives ADC to support the children while they are physically present with her, such payment to mother is "a consequence of [appellant's] failure to support such recipient."
Although I disagree with the majority's conclusion the evidence failed to establish appellant failed to support his children [100% of the time], it appears the amount of aid provided mother did not take into consideration the fact appellant was designated residential parent under the shared parenting agreement and had physical custody of the children 50% of the time. Accordingly, I agree with the majority's decision to reverse this case[1], but I would remand it for determination of what portion of the ADC payments appellant is responsible for repaying, given his status as residential parent and the fact he has physical custody of the children 50% of the time.[2]
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Common Pleas Court of Coshocton County, Ohio is reversed and remanded to the trial court for judgment consistent with this decision.
[1] The majority chooses to remand this case rather than enter final judgment despite its clear holding appellant is not liable under the statute [R.C. 5107.04(C)].
[2] I recognize R.C. 5107.04(C) provides liability for "all aid furnished." To the extent it fails to allow for adjustment if it is determined the amount of aid provided mother was based upon mother being full-time custodian, I find such provision invalid.